UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14096-CR-MARTINEZ/(GRAHAM)LYNCH(s)

UNITED STATES OF AMERICA,

   Plaintiff,

v.

SCOTT THOMAS FREEDMAN,

   Defendant.
_____/



FILED by _____ D.C.

JAN 1 2 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

### REPORT AND RECOMMENDATION ON UNITED STATES' MOTION TO DISMISS THE CLAIM OF SHARON STONE FOR FAILURE TO COMPLY WITH 21 U.S.C. §853 [D.E. #154]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion and noting that the Claimant Stone has not filed any response in respect thereto and that the time for filing a response has expired, this Court recommends to the District Court as follows:

   1.   The District Court entered a preliminary order of forfeiture in this case on October 16, 2006. That order directed that the 37' vessel was to be seized by the United States Marshal together will all equipment attached or contained therein. The preliminary order also stated that all right, title and interest to the vessel and its contents were vested in the United States of America subject to the adjudication of any third party interest that may be properly filed.

   2.   Sharon Stone sent a letter dated October 31, 2006 to the court. This one page letter stated that the vessel in question was purchased by her and Scott Freedman, the Defendant herein, with her money. The letter goes on to assert that she found out that

the vessel was being utilized for illegal dealings of which she had absolutely no knowledge. The letter states that while the Defendant Scott Freedman signed the forfeiture papers regarding the boat, that the Claimant Stone was trying to regain possession of the boat.

3. The government's motion [D.E. #154] asserts that the Claimant Stone was sent a notice of the preliminary order of forfeiture on October 27, 2006. This preliminary order of forfeiture advised Stone that she had to file a petition within thirty (30) days. A copy of the notice from the United States of America is attached as Government's Exhibit Number 1 to the motion.

4. The attached notice advises the Claimant Stone of the statutory requirements for filing a proper claim.

5. The government's motion asserts that when AUSA Barnes received the handwritten letter of the Claimant Stone, that AUSA Barnes personally spoke with Ms. Stone and advised her that Stone must file a proper claim under oath. The motion asserts that AUSA Barnes advised Stone that the handwritten letter was insufficient.

6. There has been no proper claim filed by Stone to the best of this Court's knowledge. If a third party fails to allege in a petition claiming rights to assets forfeited to the government all elements necessary for recovery, including those relating to standing, the court may dismiss such a petition without providing a hearing. United States v. BCCI Holdings, 980 F.Supp. 16 (D.D.C. 1997).

7. Title 21, United States Code, §853(n)(2) governs the filing a petition in this matter. Those statutory provisions provide that any person, such as the Claimant Stone, asserting a legal interest in the property being forfeited may file a petition asserting such interest within thirty (30) days of the date of final publication of the notice or receipt of

notice. The petition is to be signed by the petitioner under penalties of perjury and set forth the nature and extent of the petitioner's right, title, or interest in the property. The petition also must set forth the time and circumstances of the petitioner's acquisition of the right, title, or interest in a property and any additional facts supporting the petitioner's claim.

8. As stated herein, there is no petition filed by the Claimant Stone in this case. Even if this Court was to attempt to construe her letter to the Court as a petition, it does not meet any of the statutory requirements cited by this Court herein.

9. Additionally, the government took the extra step to speak directly with the Claimant Stone and advise what needed to be done should she wish to proceed with the filing of an appropriate petition. This is in addition to the written notice, Government's Exhibit 1 attached to the Motion to Dismiss, which specifically sets forth the statutory authority and requirements as recited by this Court herein.

10. Whenever there is a petition before the court which does not comply with the statutory requirements, it is subject to being dismissed. <u>United States v. BCCI Holdings</u>, 980 F.Supp. 1 (D.D.C. 1997).

11. Based upon all of the foregoing, this Court finds that there is not an appropriate petition before the Court concerning the assertion of any third party interest by the Claimant Sharon Stone. Therefore, the Motion to Dismiss is due to be granted.

**ACCORDINGLY,** this Court recommends to the District Court that the Motion to Dismiss filed by the United States of America herein as to the claim of Sharon Stone [D.E. #154] be **GRANTED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _12th_ day of January, 2007, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Antonia J. Barnes

Sharon Stone
1006 SW Sultan Drive
Port St. Lucie, FL 34953