UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

UNITED STATES OF AMERICA,  　　　　CASE NO. 05-14096-CR-GRAHAM

　　　　Plaintiff,

vs.

SCOTT THOMAS FREEDMAN,

　　　　Defendant.　　　　　　　　　REPORT AND RECOMMENDATION
_____/

On or about 11/1/06, court-appointed defense counsel Richard F. Della Fera timely submitted a voucher (No. FLS 05 1684) with appended time sheets requesting $19,875.13 for attorney's fees and costs pursuant to the Criminal Justice Act. Mr. Della Fera ("counsel") represented Defendant Scott Freedman ("Defendant" and/or "Freedman") for approximately eleven (11) months, from counsel's appointment on 11/23/05 to 10/29/06, through a multi-day jury trial, entry of judgment, and sentencing. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2) (2000 & Supp. 2005)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules.*

The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001).* If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves

"extended" or "complex" representation, and that the amount is necessary to provide counsel with fair compensation. *18 U.S.C. §3006A(d)(3)*. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex."*Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3)*. If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended.*Id.*

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $3,492 billed for 38.80 in-court hours (@ $90/hour). Upon verifying the in-court time with the Court's minutes and adjusting the amount billed to reflect the $92/hour increase for work performed on or after 1/1/06, the administrator increased in-court compensation to $3,566.40.

The CJA administrator reviewed the $15,336 billed for 170.40 out-of-court hours. The administrator also adjusted this amount upward to reflect the $92/hour increase for work performed on or after 1/1/06, increasing out-of-court compensation to $15,664.40. In addition, counsel billed $1,047.13 for travel and meal expenses during the course of a 6-day jury trial held in Ft. Pierce. The CJA administrator adjusted these charges downward to $1,032.11, allowing only for authorized expenses.

---

[1] The non-capital hourly panel attorney compensation rate increased from $90/hour to $92/hour for work performed on or after 1/1/06.

The grand total claimed and adjusted is now **$20,262.91,** an increase from the $19,875.13 counsel requested.

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the voucher, the time sheets submitted, and the entire case record as it relates to counsel's representation of Defendant Freedman. Counsel also submitted two letters explaining his work on the case, and in support of his fee request. [Exhibits "A" & "B"]

As a matter of background, this case resulted from an undercover DEA operation in October/November 2005 in St. Lucie County which revealed Defendant's involvement in a scheme to import cocaine into the United States. Defendant was ultimately charged in a 3-count indictment for conspiracy and attempt to import five kilograms or more of cocaine into the United States and attempted possession with intent to distribute 500 grams of cocaine. Defendant was taken into custody on 11/21/05. On 11/23/05, CJA counsel Richard Della Fera, a Ft. Lauderdale attorney, was appointed to represent the Defendant. On 11/28/05, a pretrial detention hearing was held. The Court found Defendant to be a danger to the community and ordered Defendant to be detained pretrial. During the majority of counsel's representation, Defendant remained in custody at the Federal Detention Center ("FDC") in Miami.

According to counsel, the evidence in the case was "somewhat voluminous," consisting of DEA reports, phone records for the year 2005, and numerous audio and video tapes produced by the Government recording meetings between DEA undercover officer(s) and the Defendant. Each of the tapes ranged from ½ to one (1) hour in length. Transcripts of the recordings were later produced in preparation for trial.

During the course of the representation, despite plea offers from the Government, Defendant remained steadfast in testifying as to his alleged entrapment and challenging the charges at trial. After several continuances, the case went to trial in August 2006. The trial was held in Ft. Pierce before the Honorable Donald L. Graham of this Court, commencing on 8/16/06 and concluding on 8/23/06. During the trial, the Defendant was held at the St. Lucy County Jail. Throughout the trial, and with prior authorization from the Court for reimbursement of hotel and meal expenses [D.E. nos. 69, 77], counsel also remained in Ft. Pierce (approximately 100 miles from his home and office).

On 8/23/06, the jury returned a verdict convicting Defendant of the first two counts (conspiracy and attempt to import five kilograms or more of cocaine), and acquitting him of the third count (attempted possession with intent to distribute 500 grams of cocaine). Sentencing was set for 10/16/06 in Ft. Pierce. After trial and until sentencing was held, Defendant was returned to the Miami FDC, requiring counsel's travel from his office in Ft. Lauderdale to Miami to meet with his client, and later to Ft. Pierce for sentencing. On 10/16/06, Defendant was sentenced to 121 months imprisonment. On 10/29/06, counsel timely submitted his claim for fees/reimbursement of expenses.

As for the voucher and the adjusted $15,664.40 claimed for out-of-court fees[2] I have reviewed each and every entry listed on the time sheets and the total time claimed for each of the task categories. After having carefully reviewed the time sheets, counsel's letters in support of his voucher, and the court record relative to counsel's representation of Defendant Freedman, although counsel did not code each individual task listed making this Court's job more cumbersome, I am satisfied that counsel documented the actual time he spent on the case and, with only minor exception, find the time billed to be reasonable. Due to the amount of time necessarily required by counsel for resolution of the case, I

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

also consider this matter to be "extended," justifying compensation in excess of the $7,000 statutory maximum.

With regard to the individual task categories listed on the voucher, I find the 32.20 hours spent for "Interviews and Conferences," which included in person meetings with the client and in person and telephone conferences with Government's counsel over the course of eleven months to be reasonable. As for "Obtaining and reviewing records," I likewise find the 33.60 hours reported to be reasonable. As counsel explained, much of this time (nearly 10 hours) was spent reviewing the tape recordings (5 audio tapes and 2 video tapes ranging from ½ hour to 1 hr. each) to understand the discussions taped, and later re-reviewing them for cross-checking purposes when the Government produced transcripts of those recordings, and for counsel's preparation of his own transcripts for use at trial. Counsel further explained that the transcripts became a contentious issue in the case due to the reported poor quality of the tape recordings, which also caused the Government to reproduce tapes for counsel [D.E. 51].

As for the 10.10 hours claimed for "Legal research and brief writing," I reviewed the motions and papers prepared and filed by counsel and am also quite satisfied with the quality of research and work done in defense of the Defendant. As for the 31 hours reported for "Travel time," I also find this time to be fairly spent in light of the location of counsel's office (Ft. Lauderdale) and the travel required over the course of eleven months round-trip to the Miami FDC for client interviews or Miami and Ft. Pierce courthouses for in-court proceedings. The 63.50 hours listed under "Investigative and Other work" included counsel's time preparing for what became a 6-day jury trial and his continued trial preparation (meeting with defense witnesses, client, jury instructions, etc.) during the intervening weekend in Ft. Pierce.

The only exception had, albeit minor, to the time claimed is for two separate entries of a personal nature. It has long been held that the Court will not pay for certain items such as hand-holding

Defendant's friends or relatives. Counsel claimed time on 4/17/06 for conferring with the client's friend:

> *Telephone conference with client's friend re: plea and trial  .30*

Counsel also claimed time on 10/20/06 for preparing and filing a post-sentencing motion for return of the Defendant's personal property:

> *Prepare and e-file motion to relinquish property  .60*

While the time spent may certainly be commendable, it is not compensable under CJA guidelines. I am therefore recommending that the out-of-court time be reduced by .90/hour.

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be paid **$20,180.11,** representing the adjusted voucher amount of $20,262.91 less $82.80 (.90/hour @ $92/hour), as fair compensation for his work on this case ($3,566.40 for in-court time + $15,581.60 for out-of-court time + $1,032.11 trial/hotel/meal expenses).

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Respectfully submitted this 15 day of February, 2007.

*[signature]*
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc:   District Judge Donald L. Graham
      Richard F. Della Fera, Esq.
      Lucy Lara, CJA administrator

The Law Offices
**ENTIN & DELLA FERA, P.A.**
A Professional Association

AUTONATION TOWER, SUITE 1970
110 SOUTHEAST SIXTH STREET
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 761-7201
FACSIMILE: (954) 764-2443
E-MAIL: EENTINMARG@AOL.COM

ALVIN E. ENTIN
RICHARD F. DELLA FERA
LAURA BERLOWE-HEINISH
TARA L. SCOTT

OF COUNSEL:
*MARIO PERMUTH
JOSHUA ENTIN
ROBERT SWITKES

*Only Admitted to the Bar of Guatemala

January 22, 2006

Honorable Peter Palermo
300 NE 1st Avenue
Room 229
Miami, Florida 33132

VIA FACSIMILE ONLY (305) 523-5769

Re: United States v. Scott Freedman, 05-14096-CR-GRAHAM

Your Honor:

As a supplement to the letter sent previously with regard to my CJA work in this case, I submit the following.

In this case, the Government's discovery consisted of DEA reports and five audio tapes and two video tapes. The quality of the tapes was poor and required my spending nearly ten hours reviewing the recordings in an effort to understand the discussions. The audio tapes contained recorded meetings between my client and a confidential informant. The video tapes contained recorded meetings between my client and an undercover officer. Some of the recordings were nearly an hour long and none was less than one half hour long. The rest of my initial discovery review dealt with the reviewing DEA reports.

In July of 2006, I received and reviewed phone records of Defendant which I had obtained. These records were for the entire year of 2005 as I learned through my investigation that the confidential informant first contacted Defendant in January of 2005. Defendant was arrested in November of 2005. I prepared a summary of these records which was ultimately entered into evidence at trial.

As it became clear that the case was definitely going to trial, the Government proposed transcripts of the audio and video tape recorded conversations. Beginning on August 12, 2006, I began another review of the tape recordings to cross-check the Government's transcripts. I had significant

Exhibit "A"

disagreements with the Government's transcripts and spent a good deal of time preparing my own transcripts which also were introduced at trial. I spent three full days (August 12, 13 and 14th) working through the file preparing for trial, including the review of the tapes and transcripts, preparing of my own transcripts.

The jury selection commenced on August 16, 2006. The trial concluded on August 23, 2006. Each evening while trial was in session I spent time preparing for the following day. On the weekend of August 19th and 20th, I interviewed defense witnesses and the Defendant (incarcerated at the St. Lucie County Jail) in preparation of their respective trial testimony. Defense witness Sharon Stone as well as Defendant ultimately testified at trial.

I hope this supplement, along with my initial letter, provides sufficient information to the Court in this matter. If any other information is needed, please contact me immediately so that I may be of further assistance.

Very truly yours,

Richard F. Della Fera, Esq.

The Law Offices
**ENTIN & DELLA FERA, P.A.**
A Professional Association

AUTONATION TOWER, SUITE 1970
110 SOUTHEAST SIXTH STREET
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE: (954) 761-7201
FACSIMILE: (954) 764-2443
E-MAIL: rdellafera@aol.com

ALVIN E. ENTIN
RICHARD F. DELLA FERA
LAURA BERLOWE-HEINISH

OF COUNSEL:
*MARIO PERMUTH
RICHARD PERLINI

*Only Admitted to the Bar
of Guatemala

January 9, 2007

Honorable Peter Palermo
United States District Court
Southern District of Florida
300 NE First Avenue
Room 229
Miami, FL 33132

Re:   USA v. Scott Thomas Freedman, 05-14096-CR-GRAHAM

Your Honor:

I understand that Judge Graham has referred the above-styled matter to Your Honor. I write this letter to explain my request for consideration to exceed the CJA cap in this matter.

I submit that this case was both complex and extensive. The Defendant was charged with conspiracy and attempt to import five kilograms of cocaine into the United States and attempted possession with intent to distribute 500 grams of cocaine. The discovery was somewhat voluminous dealing with audio and video tapes and transcripts thereof. There was much disagreement with the Government concerning the transcripts because of the poor quality of the tape recordings. Many hours were spent reviewing the discovery along with the transcripts and compiling my own versions for the jury at trial.

Early on it was apparent that one of the defenses at trial would be entrapment. As a result, I filed a lengthy motion to disclose the confidential informant. The Government filed an equally lengthy response to which I replied. Additionally, many hours were spent meeting with the client at the detention center going over his expected trial testimony as the client indicated from the beginning that he wished to go to trial and he wished to testify. It seemed unlikely, if not impossible, that an entrapment jury instruction could be obtained without the client's testimony.

The trial began on August 16, 2006 and concluded on August 23, 2006 in Fort Pierce. I had obtained prior approval from the Court for the reimbursement of hotel and meal expenses as my home and office are in Fort Lauderdale. These receipts have been included in my

Exhibit "B"

submission. I spent the weekend in Fort Pierce as I interviewed defense witnesses who reside in Fort Pierce on Saturday, August 19, 2006 and the client on Sunday, August 20, 2006 who was housed at the St. Lucie County Jail. Additionally, the Government made numerous plea offers before and during trial which I, of course, relayed to my client.

Based upon the foregoing I respectfully pray that the Court approve my voucher. I am available to answer any questions the Court may have concerning this matter. I thank you for your time and consideration.

Very truly yours,

Richard F. Della Fera, Esq.